IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 08-cv-02104-WDM-MJW

ERIC V. SPRINGER,

    Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY, a Delaware corporation,

    Defendant.

## ORDER ON MOTION TO TRANSFER

Miller, J.

This matter is before me on Defendant's Motion to Transfer Pursuant to 28 U.S.C. § 1404 (Docket No. 5). I have reviewed the parties' written arguments and conclude that oral argument is not required. For the reasons that follow, the motion will be denied.

Background

Plaintiff filed this action under the Federal Employers Liability Act ("FELA"), 45 U.S.C. § 51, *et seq.*, in September 2008, alleging permanent spinal injuries suffered as a result of excessive repetitive stress and cumulative trauma in his work as a brakeman, conductor, and locomotive engineer with Defendant, Union Pacific Railroad Company. Defendant answered and filed the instant motion, seeking transfer of the case to the District of Wyoming based on the convenience of the parties.

PDF Final

## Legal Standard

Under FELA, venue is proper "in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action." 45 U.S.C. § 56. In this case, it is undisputed that Defendant does business in both Colorado and Wyoming and, therefore, venue is proper in both states. Notwithstanding FELA's broad venue provision, however, cases brought under FELA are not exempt from the scope of 28 U.S.C. § 1404(a). *See Ex parte Collett*, 337 U.S. 55, 60–61 (1949).

28 U.S.C. § 1404(a) permits me, in my discretion, to transfer this case to another district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice". Indeed, "[s]ection 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). There is a "strong presumption in favor of . . . the plaintiff's chosen forum." *Gschwind v. Cessna Aircraft Co.*, 161 F.3d 602, 606 (10th Cir. 1998) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981)). The "presumption is overcome 'only when the private and public interest factors clearly point towards trial in the alternative forum.'" *Id.* (citing *Piper Aircraft Co.*, 454 U.S. at 255). Defendants bear the burden of showing the Plaintiff's chosen forum is inconvenient. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). Shifting the inconvenience from defendants to plaintiff, by itself, is not a permissible justification for

granting the motion.  *Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992).

The factors relevant to my resolution of the motion to transfer are set forth in

*Texas Gulf Sulpher Co. v. Ritter*:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

371 F.2d 145, 147 (10th Cir. 1967).  Although a plaintiff's chosen forum is generally given deference, *Scheidt*, 956 F.2d at 965 ("'[U]nless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed.'" (quoting *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972)), courts have afforded "little" weight to the plaintiff's choice when the plaintiff does not reside in the chosen forum and there is no significant connection between the chosen forum and the cause of action, *see Bailey v. Union Pacific R. Co.*, 364 F.Supp.2d 1227, 1230 (D. Colo. 2005) (citations omitted).  With respect to accessibility of witnesses, to discharge his burden a defendant must "set out in the affidavit the substance of the evidence of [the inconvenienced] witnesses so the court in reaching its conclusion might consider the materiality thereof or whether it tended to establish a material fact different from that of the eyewitnesses or whether it tended to contradict material testimony of other witnesses."  *Chicago, Rock Island & P.R. Co. v. Hugh Breeding, inc.*, 232 F.2d

584, 588 (10th Cir. 1956).

## Discussion

In this case, Defendant argues that transfer to the District of Wyoming[1] is appropriate because the majority of Plaintiff's work was conducted in Wyoming; Plaintiff is a resident of Wyoming; Plaintiff has received medical care for his injuries in Wyoming; the records relating to this case are maintained in Wyoming; and substantially all of the relevant fact witnesses reside in Wyoming. Defendant further claims that the witnesses in Wyoming are outside of the 100 mile territorial limit of this District's compulsory service of process and, therefore, cannot be compelled to testify. Defendant, however, specifically names only four witnesses that reside in Wyoming: Chad J. Carle, Claims Representative for Defendant's General Claims Department; Timothy M. Hamilton, Manager Operating Practices; Theodore Grauberger, Locomotive Engineer; and John Boehner, Locomotive Engineer. Defendant also argues that I should not consider the location of Plaintiff's treating physicians (Colorado) because plaintiff's counsel routinely uses deposition testimony for medical witnesses.[2] Finally, Defendant argues that Plaintiff's choice of forum is not entitled to considerable deference in this case because Plaintiff does not reside in Colorado nor did his injuries occur in Colorado. *See Bailey*,

---

[1] I take judicial notice that the District Court for the District of Wyoming is located in Cheyenne, Wyoming.

[2] Defendant also suggests that the location of Plaintiff's medical witnesses is irrelevant in determining the motion to transfer because they are essentially expert witnesses who will be paid to travel to any forum for a trial. However, as Plaintiff indicates that he has not retained his Colorado treating physicians as experts and they will not testify in an expert capacity, such argument is irrelevant.

364 F.Supp.2d at 1230 (citations omitted).

Plaintiff responds that Defendant has not met its burden of demonstrating that Wyoming would be a more convenient forum than Colorado. He argues that although there are witnesses who reside in Wyoming, there are also witnesses who reside in Colorado, Nebraska, and Texas. Further, Plaintiff argues that the convenience of the four witnesses identified by Defendant should not be considered as Defendant has not identified the substance of the testimony they will provide at trial. *See Chicago, Rock Island*, 232 F.2d at 588. Plaintiff argues that because roughly half of his witnesses reside outside Wyoming[3] transferring the case to Wyoming would do nothing more than shift the burden of inconvenience from Defendant to Plaintiff. Specifically, Plaintiff argues that the convenience of his treating physicians, who reside in Colorado,[4] is a considerable factor because they are key witnesses in his case. Furthermore, Plaintiff argues that he, and not Defendant, will be responsible for paying travel costs and

---

[3] Plaintiff alleges both that he identified thirty-seven witnesses in his initial disclosures, only nineteen of whom reside in Wyoming (*see* Pl.'s Resp., Docket No. 12 at 9), and that he identified a total of forty-three witnesses of whom thirty-two are employees of Defendant and of whom at least sixteen reside in Wyoming, *id.* at 28. In any case, however, it is clear that approximately one-third to one-half of Plaintiff's witnesses reside outside of Wyoming.

[4] Plaintiff also rebuts Defendant's suggestion that he received significant medical treatment in Wyoming. He contends that, when compared to the medical treatment he received in Colorado, any treatment he received in Wyoming was minimal. He alleges that the extent of the medical care he received in Wyoming was chiropractic care in January 2008, emergency room service in January 2008, and post-surgical physical therapy. Additionally, Plaintiff argues that although he met with Dr. Turner, a neurosurgeon, twice at Dr. Turner's satellite office in Cheyenne, Dr. Turner informed Plaintiff that any surgery would be performed at Dr. Turner's office in Fort Collins, Colorado. Regardless, Dr. Kleiner of Aurora, Colorado, and not Dr. Turner, performed Plaintiff's surgery.

reimbursement expenses for his witnesses.  Finally, Plaintiff argues Defendant has not demonstrated that transportation of the documentary evidence would be burdensome.

In its reply, Defendant suggests that because most of the witnesses who reside in Colorado are duplicative in that there are other named witnesses with the same jobs who reside in Wyoming, their place of residence cannot be used as evidence supporting Colorado as a convenient forum.  Furthermore, Defendant argues that I should consider the convenience of the majority of the witnesses, who in this case reside in Wyoming or equidistant between Cheyenne and Denver.  Finally, Defendant contends, without elaboration, that it does not impose a significant inconvenience on Plaintiff's medical witnesses to travel to Cheyenne.

I conclude that transfer to Wyoming is not appropriate in this case because Defendant has not met its burden of demonstrating that trial in this District is inconvenient.  *Chrysler Credit Corp.*, 928 F.2d at 1515 (citing *Piper Aircraft Co.*, 454 U.S. at 255).  Although Plaintiff's choice of Colorado as a forum may not be entitled to considerable deference because he neither lives in nor sustained his injuries in Colorado, his choice is still a factor to consider and weighs against transferring the case to Wyoming.  With respect to convenience of witnesses, Defendant identifies only four witnesses that reside in Wyoming, all of whom are employees of Defendant and, therefore, to whom which compulsory attendance pursuant to Fed. R. Civ. P. 45(b)(20(B) is not necessary.  Additionally, Defendant presents no argument regarding any inconvenience relating to transportation of documentary evidence from Cheyenne.

With respect to Plaintiff's listed witnesses, although there is a significant number

of witnesses who reside in Wyoming, there is also a significant number of witnesses who reside in Colorado, including all of Plaintiff's treating physicians.[5] Furthermore, contrary to Defendant's suggestion, I will not ignore Plaintiff's identified Colorado witnesses merely because there are witnesses in Wyoming who held the same jobs. Subject to certain evidentiary limitations, it is within Plaintiff's discretion to determine which witnesses he will call at trial and I will not interfere in that area. Similarly, I conclude that the fact that Plaintiff's counsel's former colleague represented in a separate case that it is his practice to present medical testimony by deposition has no bearing on this case as such a decision is left to each party in each separate case. I also note that the fact that some witnesses reside in areas that are roughly equidistant from the two district courts does not provide support for a transfer as it does not demonstrate that trial in this District is inconvenient. Finally, I note that Defendant argues that travel to Cheyenne would not impose a significant burden on Plaintiff's treating physicians. Given this acknowledgment, I assume the same applies for Defendant's witnesses who reside in Wyoming and would travel to Denver.

At most Defendant has shown that it would be more convenient for itself and some of Plaintiff's witnesses. However, a transfer would result in inconvenience to Plaintiff as he has identified a substantial number of witnesses, including his treating physicians, that reside in Colorado. An increase in convenience for one party at the expense of convenience for the other party is not a proper reason to disrupt the preference for the Plaintiff's chosen forum. *Scheidt*, 956 F.2d at 966.

---

[5] As I noted above, Defendant has failed to demonstrate that Plaintiff received any significant medical care relating to his spinal injuries in Wyoming.

Accordingly, it is ordered that Defendant's Motion to Transfer Pursuant to 28 U.S.C. § 1404 (Docket No. 5) is denied.

DATED at Denver, Colorado, on April 7, 2009.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge